**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HERA PROPERTY REGISTRY, LLC

Plaintiff,

v. Case No. 6:26-cv-00303-ACC-NWH

JPMORGAN CHASE BANK, N.A.,

Defendant.

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT WITH DEMAND FOR JURY TRIAL

Plaintiff, HERA PROPERTY REGISTRY, LLC ("Plaintiff"), by and through undersigned counsel, sues Defendant, JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), and alleges:

### I. PARTIES

1. Plaintiff HERA PROPERTY REGISTRY, LLC is a Florida Limited Liability Company operating in Brevard County, Florida.
2. Defendant JPMorgan Chase Bank, N.A. is a national banking association authorized to do business in Florida and maintains branch offices throughout Florida, including Brevard County.

## II. JURISDICTION AND VENUE

3. This is an action for damages and equitable relief in an amount to be determined at trial, but including at least $69,500, arising under Florida law and within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.
4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this action occurred within this District and Defendant conducts business within this District.

## III. FACTUAL ALLEGATIONS

5. On October 15 and October 21, 2025, Plaintiff originated two ACH credit transfers through Fynsinc totaling $69,500.00 payable to Plaintiff's software developer.
6. The transactions consisted of a $30,000 transfer and a $39,500 transfer, both directed to an account maintained at Chase.
7. Shortly after these funds were transmitted and posted, Chase closed the recipient's account and restricted access to the funds.
8. Upon information and belief, Chase took such action based on internal determinations regarding the account; however, at no time did Chase release the funds to the intended recipient or return them to Plaintiff.
9. Thereafter, on or about November 4–5, 2025, Chase represented to Plaintiff that the funds had been "returned."
10. Relying on this representation, Plaintiff undertook efforts to confirm the return of the funds through Fynsinc and its ODFI partner bank.

11. Fynsinc and its partner bank confirmed that no ACH return had been received for either transaction.

12. Despite repeated requests, Chase failed to provide any documentation substantiating its claim that the funds had been returned.

13. Specifically, Chase failed to provide return reason codes, return settlement dates, Federal Reserve reference numbers, internal ACH logs, or any proof that the funds left Chase's control.

14. As a result of Chase's failure to return or properly account for the funds, the full $69,500 remained outstanding for an extended period of time.

15. In order to satisfy its contractual obligations and avoid further business harm, Plaintiff was required to issue a separate wire payment in the amount of $69,500, thereby doubling its financial exposure.

16. On November 17, 2025, Plaintiff sent Chase a formal pre-lawsuit demand, including a UCC Article 4A Notice of Dispute and NACHA Rules Enforcement Request, seeking documentation and return of the funds (See Exhibit A, attached).

17. Chase did not provide the requested documentation or return the funds in response to that demand.

18. Over the following months, the funds remained unresolved, despite Plaintiff's continued efforts to obtain clarity and recovery.

19. On or about January 30, 2026, Chase represented that it would return the funds and requested account information from Plaintiff.

20. However, on February 2, 2026, Chase refused to return the funds unless Plaintiff agreed to execute a global release of all claims against Chase. Such conduct was not the result of uncertainty regarding ownership, but was instead an attempt to condition return of undisputed funds on waiver of legal rights.

21. On that same date, Chase further threatened to initiate an interpleader action rather than release the funds unconditionally. At the time of this threat, no competing claimant existed as to the funds.

22. On February 6, 2026, Chase removed this action to federal court.

23. Subsequently, Chase represented that it would return only $67,892.71, rather than the full $69,500 originally transferred.

24. Chase has not provided any explanation or accounting for the $1,607.29 discrepancy and such failure confirms that the dispute remains active and unresolved.

25. At all relevant times, the funds at issue were specifically identifiable and within Chase's control, including as restricted balances.

26. Plaintiff has been deprived of the use of these funds for a substantial period of time and has suffered financial loss and business disruption as a result.

27. Defendant's conduct was not limited to the mechanical processing of ACH transfers, but instead included post-acceptance actions such as prolonged restriction of funds, failure to provide required documentation, misrepresentation regarding the disposition of funds, and conditioning return of funds on execution of a release, all of which give rise to independent claims for relief.

## IV. CAUSES OF ACTION

### COUNT I – VIOLATION OF UCC ARTICLE 4A

**(as adopted in Florida Statutes §§ 670.101–670.507)**

28. Plaintiff realleges paragraphs 6 through 15 and 24 through 27 as if fully set forth herein.

29. The claims asserted herein arise not solely from the execution of the ACH transfers, but from Defendant's conduct following acceptance of the payment orders, including prolonged restriction of funds, misrepresentation regarding their disposition, and conditioning return of funds on execution of a release. Plaintiff does not seek to impose liability inconsistent with Article 4A, but rather seeks relief based on Defendant's obligations and conduct as governed by that statutory framework.

30. The transactions at issue constitute funds transfers governed by Article 4A of the Florida Uniform Commercial Code.

31. Chase accepted the payment orders and thereafter exercised control over the funds, including restricting, retaining, and failing to properly account for them. Chase's liability arises from its conduct following acceptance, including restriction, retention, and failure to properly account for the funds.

32. The transfers involved a misdescription or mismatch between account identifiers and intended beneficiary information.

33. Under Article 4A, Chase was required to handle such transfers in accordance with statutory obligations governing acceptance, processing, and disposition of funds.

34. Chase failed to properly process, return, or account for the funds in accordance with those obligations.

35. As a direct and proximate result, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff seeks judgment against Defendant for all damages recoverable under Chapter 670, Florida Statutes, together with costs, interest, and such further relief as the Court deems just and proper.

**COUNT II – NEGLIGENT MISREPRESENTATION**

36. Plaintiff realleges paragraphs 10 through 14 and 20 through 24 as if fully set forth herein.

37. Chase represented to Plaintiff that the funds had been returned.

38. Chase made this representation without exercising reasonable care in verifying its accuracy.

39. Plaintiff reasonably relied on Chase's representation in attempting to resolve the missing funds.

40. As a result of that reliance, Plaintiff suffered damages, including the issuance of a duplicate payment and continued financial exposure.

**WHEREFORE**, Plaintiff seeks judgment against Defendant for compensatory damages, consequential damages, costs, interest, and such further relief as the Court deems just and proper.

## COUNT III – CONVERSION

41. Plaintiff realleges paragraphs 8, 15, and 24 through 27 as if fully set forth herein.

42. Plaintiff had a right to immediate possession of the funds at issue.

43. Chase exercised wrongful dominion and control over those funds by restricting, retaining, and refusing to return them.

44. Defendant identified and restricted a specific balance ($67,892.71), demonstrating the funds were segregated and not commingled.

45. Despite demand, Chase failed and refused to return the funds.

46. Chase's actions constitute conversion under Florida law.

**WHEREFORE**, Plaintiff seeks judgment against Defendant for compensatory damages, and, to the extent permitted by law, punitive damages, together with costs, interest, and such further relief as the Court deems just and proper.

## COUNT IV – NEGLIGENCE

47. Plaintiff realleges paragraphs 8 through 14 and 20 through 22 as if fully set forth herein.

48. By restricting and retaining specifically identifiable funds belonging to Plaintiff, Defendant assumed a duty to exercise reasonable care in handling those funds including a duty arising from Defendant's control over specifically identifiable funds belonging to Plaintiff and its handling of those funds following restriction.

49. Chase breached that duty by failing to properly process the funds, failing to maintain accurate records, misrepresenting the disposition of the funds, and conditioning their return on execution of a release.

50. As a result, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff seeks judgment against Defendant for compensatory damages, consequential damages, costs, interest, and such further relief as the Court deems just and proper.

**COUNT V – EQUITABLE ACCOUNTING**

51. Plaintiff realleges paragraphs 24 through 26 as if fully set forth herein.

52. Chase has exclusive possession and control over the records necessary to determine the disposition of the funds including internal accounting, reconciliation processes, and any adjustments or deductions applied by Defendant.

53. Plaintiff is unable to determine the precise status, location, or handling of the funds without an accounting.

54. An equitable accounting is necessary to resolve these issues.

**WHEREFORE**, Plaintiff requests that this Court order Defendant to provide a full and complete accounting of all funds, transactions, and records related to the ACH transfers at issue, and grant such other equitable relief as the Court deems appropriate.

**COUNT VI – DECLARATORY JUDGMENT**

**(Chapter 86, Fla. Stat.)**

55. Plaintiff realleges paragraphs 24 through 27 as if fully set forth herein.

56. A bona fide, actual controversy exists between the parties regarding the amount owed and Chase's obligations with respect to the funds and regarding Defendant's ongoing obligations with respect to the return and accounting of those funds.

57. Plaintiff seeks a declaration determining its rights and Chase's obligations.

**WHEREFORE**, Plaintiff requests that the Court enter a declaratory judgment determining the rights and obligations of the parties with respect to the funds at issue, including the amount owed, and grant such further relief as the Court deems just and proper.

## V. DAMAGES

Plaintiff seeks:

- Actual damages of not less than $69,500;
- Consequential damages;
- Attorneys' fees where permitted;
- Pre- and post-judgment interest;
- Equitable relief;

- Damages arising from Defendant's delay and wrongful retention of funds.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

BREAK POINT LAW, LLC

***s/Clifford J. Johnson***
Clifford J. Johnson, Esquire; FL Bar No. 114772
Attorney for Plaintiff
Break Point Law, LLC
1917 S Harbor City Blvd.
Melbourne, FL 32901
Phone: (321) 501-9903
Primary Email: cjohnson@breakpointlaw.org
Secondary Email: ehornbake@breakpointlaw.org

EXHIBIT A

**Tuesday, December 16, 2025 at 20:16:06 Eastern Standard Time**

---

| | |
|---|---|
| **Subject:** | PRE-LAWSUIT DEMAND, UCC 4A NOTICE OF DISPUTE AND NACHA RULES ENFORCEMENT REQUEST |
| **Date:** | Monday, November 17, 2025 at 1:42:47 PM Eastern Standard Time |
| **From:** | CJ Johnson |
| **To:** | Clark McGhee, Nicolette Solano, chase.executive.office@chase.com |
| **CC:** | Santiago Betancur, Dave Olsen |
| **Attachments:** | Outlook-yqis3ruo.png, ea1af300-0c2a-4bb5-adc8-1be30cf8470b.png, image001.png |

**JPMorgan Chase Bank, N.A.**
Attn: Executive Office & ACH Operations
PO Box 44945
Indianapolis, IN 46204-4945

**Re: PRE-LAWSUIT DEMAND — Missing $69,500 ACH Return**
**UCC Article 4A Notice of Dispute**
**NACHA Rules Enforcement Request – Failure to Provide ACH Return Settlement Documentation**

To Whom It May Concern:

I am formally notifying JPMorgan Chase Bank, N.A. ("Chase") of a **dispute**, a **pending financial loss**, and a potential **violation of UCC Article 4A and NACHA Operating Rules** relating to the mishandling of an ACH transaction in the amount of **$69,500**.
This letter serves as (1) a **pre-lawsuit demand**, (2) a **UCC 4A Notice of Dispute**, and (3) an official **NACHA Rules Enforcement Request** due to Chase's failure to provide required ACH return settlement documentation.

## I. FACTUAL BACKGROUND

## ACH Details

- **Amount:** $69,500
- **Type:** ACH Credit
- **Originator:** Me, through Fynsinc
- **ODFI:** Fynsinc's partner bank (to be provided by originator)
- **RDFI:** JPMorgan Chase Bank
- **Recipient Account Holder:** Alex Hassan, CTO Mavera
- **Recipient Account:** 2902980486
- **Chase Stated Return Date:** November 5, 2025
- **Trace ID(s):**
- $39,500 payment
  • Transmission Date: 10/21/2025
  • Effective Date: 10/22/2025
  • Routing: 267084131
  • Account: 2902980486
  • TRACE #: 091408597961389
- $30,000 payment
  • Transmission Date: 10/15/2025
  • Effective Date: 10/16/2025
  • Routing: 267084131
  • Account: 2902980486
  • TRACE #: 091408599682381

Immediately upon the ACH posting, Chase **closed the recipient's account**, imposed a **five-year ban**, and represented that the $69,500 ACH was **reversed and returned** on or about November 5, 2025.

However:

- **Fynsinc and the ODFI have no record of receiving any return.**
- **The funds have not posted back to me.**
- **Chase has not provided any ACH return settlement proof.**

Therefore, the $69,500 remains missing.

Because the client still had to be paid, I was forced to send an additional **$69,500 wire transfer**, doubling my financial exposure.

## II. FORMAL UCC ARTICLE 4A NOTICE OF DISPUTE

Under **UCC 4A-204**, **UCC 4A-209**, and **UCC 4A-402**, a bank must:

1. Prove execution of a payment order.
2. Provide documentary evidence of any return of funds.
3. Act in good faith and exercise ordinary care.
4. Provide clear settlement records when a return is asserted.

Chase has **not** provided:

- The ACH **return reason code**
- The **return settlement date**
- The **FED reference / return IMAD/OMAD equivalent**
- The **ODFI routing number** to which the return was allegedly sent
- Any documentation showing that the funds left Chase's settlement account

This constitutes a **failure to demonstrate proper execution or return of a payment order**, triggering my rights under **UCC Article 4A.**
This letter formally disputes the transaction and places Chase on notice under **UCC 4A-505** that a full accounting and proof of return is required.

## III. NACHA RULES ENFORCEMENT REQUEST

Under NACHA Operating Rules, Chase, acting as RDFI, is required to:

1. Provide the ODFI, upon request, with complete ACH return information.
2. Ensure that any return entry is properly originated, routed, and settled.
3. Not misrepresent a return or claim a return without the associated settlement record.
4. Release funds or identify suspense-account holdings upon inquiry.

By failing to provide return-settlement documentation, Chase may be in violation of:

- **NACHA Rules §2.12 – Responsibilities of RDFI**
- **NACHA Rules §4.1 – Required Return Information**
- **NACHA Rules §1.2 – Good Faith & Commercial Reasonableness**

This letter is therefore a **formal request for NACHA Rules Enforcement**, and I reserve the right to elevate

this matter to NACHA's enforcement system if Chase does not comply.

## IV. DEMAND FOR DOCUMENTATION

I hereby demand that Chase provide the following **within 7 calendar days**:

### 1. ACH Return Documentation

- Return reason code (R02, R16, etc.)
- Exact return settlement date
- Proof that the returned funds left Chase's settlement account
- FED reference number or equivalent ACH return settlement identification
- RDFI internal return logs

### 2. Confirmation of Routing

- The **ODFI routing number** used
- Confirmation of delivery to the ODFI
- Time/date of settlement

### 3. Status of Funds

- Whether the $69,500 is still held at Chase (e.g., in a **suspense / exception account**)
- Whether funds were misrouted
- Whether the return failed due to account closure fraud-flag processing

Failure to provide this documentation will be treated as evidence that the return was not processed in accordance with UCC Article 4A or NACHA requirements.

## V. DEMAND FOR REMEDY

Unless Chase provides the above evidence **within 7 calendar days**, I will proceed with the following actions:

### 1. Filing a CFPB complaint

Naming Chase for mishandling an electronic funds transfer.

### 2. Filing an OCC complaint

Asking Chase's regulator to review the bank's ACH return processes.

### 3. Filing a NACHA Rules Enforcement action

To compel Chase to provide required return-settlement documentation.

### 4. Initiating litigation

Including claims for:

- **Conversion**
- **Negligence**

- **Violation of UCC Article 4A**
- **Failure to properly process an ACH return**
- **Unjust enrichment**
- **Declaratory relief for disclosure of ACH records**
- **Recovery of the duplicate $69,500 payment, costs, and damages**

I will also seek recovery of attorneys' fees, court costs, and any other available remedies.

## VI. DEADLINE

Please provide a full written response **no later than 5:00 PM EST on Monday November 24, 2025**.

If I do not receive the documentation listed above, I will proceed with the regulatory filings and engage counsel to initiate legal action without further notice.

## VII. Contact Information

I can be reached at:
**321-501-9903**
**CJohnson@heraregistry.com**

Please acknowledge receipt of this notice.

**Sincerely,**

**Clifford Johnson, Esq.**
**Hera Property Registry**
**CEO/Founder**
1917 S. Harbor City Blvd
Melbourne, FL 32901
**321-234-5303 (Office)**
**321-501-9903 (Cell)**

HERA
PROPERTY REGISTRY